3220177 the people of the state of Illinois Appalee vs. Eddie D. Sardon, appellant. Mr. Wegman, you may proceed. Your audio is off. There we go. Good morning. Good morning. Please the court, counsel. I am Jay Wegman, a supervisor with the Office of the State Appellate Defender, counsel for defendant appellant Eddie Sardon, who asserts that his five-year sentence imposed for an attempt offense following his revocation and probation is unauthorized because the defendant could only be sentenced as a Class A misdemeanor rather than as a Class 3 felon pursuant to statute because Section 8-4C5 requires that a Class 3 offense can be sentenced only as a Class A misdemeanor. The facts of this case are fairly simple and straightforward. The state charged the defendant with the Class 3 felony of unlawful possession of a weapon by a felon. That carries with it a maximum five-year sentence, possibility of 10 years extended, and it is not eligible for probation. The parties reached an agreement before trial. The state dismissed the unlawful possession of a weapon by a felon count and refiled it as attempt cited to the statute, which indicates that it would be sentenced as a misdemeanor. Both parties benefited from this agreement. The state got a Class 3 conviction for felony, which would affect future sentencing considerations, and the defendant was eligible for a one-year maximum and was eligible for probation. After the contested hearing, I'm sorry, eventually the defendant violated his probation, and after a contested hearing, the court imposed a five-year sentence. The defendant challenged this sentence. He had not challenged the original imposition of sentence, and notably, there was at no time a mention of Class A sentencing. At this point, I would normally tell you what this case is about, but I think that the simpler approach today is to tell you what it is not about. It is not about an attempt to undo the plea. The defendant never challenged his plea once it was entered at the original sentencing hearing, and now what he seeks to do is to uphold the bargain which was reached, which is that he could be sentenced to no more than one year in jail. He's not trying to undo the original sentence, and I would note that the state is not disadvantaged by this as asserted in their briefs. There's an argument that this inhibits the state from being able to come up with the same proof that it had available at the time of the trial, but that proof related to that probation, so it is not a question of the state not being able to prove its case. It's not about invited error because there was no agreement as to the second hearing. The defendant requested a sense of probation. The state argued for a six-and-a-half-year term. The court settled on a five-year term, so it wasn't a matter of the defendant arguing for something and then claiming that there was error once he got what he requested. What it is about, however, is that the court erred by imposing the sentence greater than one year in jail. It is simply not allowed by statute, and that statute was specifically cited in the charging instrument. This error is second-pronged plain error because it affects substantial rights, and specifically I would refer to People v. Fort, a 2017 Illinois Supreme Court decision, and it is so egregious as to deny the defendant a fair sentencing hearing. It is also about the ineffectiveness of counsel. If this court chooses not to proceed as a plain error matter, then the defendant has asked that this be considered as ineffective assistance of counsel, both for counsel not objecting to what should have been obvious to each of the attorneys and the judge, and for not preserving this for appeal. Under Strickland, this behavior was objectionably unreasonable and prejudicial to the defendant who has now been sentenced to a five-year term when he had agreed with the state that he would be eligible for no more than a one-year jail sentence. Well, I'm not disagreeing with a lot of what you're saying, but there was never an agreement with the state that his sentencing parameters would be limited to one year. I mean, that was the maximum sentence under, you know, 8-4A, but the admonishments and the agreement back at the original plea was, yeah, probation, but he was told the maximum was a penitentiary sentence. So, I mean, I don't know that there was ever an agreement that he couldn't be subject to a penitentiary sentence if he violated his probation. There is no proof as to what the parties thought or what the considerations were, but the record's very clear what the judge told the defense. And it was correct when he said that the maximum sentence available for a class, or that the range for a class three felony considered this, but it was inapplicable given, you know, count two when he was pleading. Let me ask you this. If you're correct, what should we be doing? Should we remand? What's your opinion in terms of resentencing on remand? The, what the request has been is that the matter be remanded for a reduced sentence or for directions to the trial court to impose a sentence, keeping in mind that the limit is one year. We would ask for a reduction to the maximum, but in lieu of that, for the court's consideration within those parameters. Now, he's serving a concurrent, right now, concurrent penitentiary sentence. He is for the charge. When is he going to be out on the other case? The, the date listed right now in the Department of Corrections is in 2026. By my calculations, if just the sentence were calculated, it would be October of 23. I think there's a fair question as to whether the misdemeanor has to be absorbed as part of the penitentiary sentence as controlled by DOC, but I would note that the trial court observed that there was approximately four months left on the sentence as it originally been sentenced. Let me ask you this question here. When you say absorbed in the prison sentence, uh, are you talking because a Class A is not a penitentiary sentence? Right, and, and by statute, when there is a misdemeanor and a, a felony imposed at the same time, then the sentences served in the Department of Corrections and it served concurrently with the, so that's, maybe my language was a little loose, but that would be the intent is that the, the sentence would be part of the penitentiary sentence and that would lead to an outdate in October of 2023. I'm confused. I, I'm sorry. I didn't mean to interrupt. Okay. Uh, you were saying in reply to Justice Brennan's question about what relief you're seeking. You didn't refer to Supreme Court rule, uh, 366 as a, I did not know as an avenue of belief. Do you see that as an avenue of relief if you prevailed? Correct. Okay. Would you want to address that? Uh, I, I would stand on, on the request in the brief. Okay. Well, in other words, you're saying we have the authority to do 364 case closed under 366. Correct. Yes. Okay. Anything else on that justice? No, that would be a sui sponte action by the court. Mr. Wigman, I'm just confused about one thing and I apologize. So setting aside our case, I understood you to say two different potential outdates, one in 23 and one in 26. And I'm confused about that. Well, the, the, the current listing is 20, uh, 26 and, and it appears that what's being applied is a five-year sentence with 50% credit for the, the offense that led to the revocation of probation and to the sentence that was imposed for the revocation of probation, which was also five years. That term started in April of 21, uh, lapses or ends in, I believe, April or possibly February of 26. And so with those two combined, my calculation suggests that it's two consecutive five-year terms served at 50%. Why are they consecutive? Is it bond on bond or? I'm not certain. And, and I, for that, I have to rely upon the, the DOC determinations. All right. Fair enough. You've answered that question for me. Thank you. Thank you. If there are no further questions, uh, I believe that, that I have covered everything that I wanted to, I would ask that this court enter an order reducing the defendant sentence to the maximum class, a misdemeanor sentence, or remand to the circuit court with instructions to reduce within those parameters. Yeah. Any further questions from the court? No. No, thank you. Okay. Uh, thank you, counsel. You'll have time and reply. Thank you. Counsel Raymond, you may respond. May it please the court, your honors, counsel. My name is Stephanie Raymond. I represent the state of Illinois in this matter regarding, um, this case defendant did enter into a plea, um, where, for which he received probation, the benefit of which was his, where he was, it was a class three felony. And he could have received prison time at that point. However, he entered into the plea agreement. The judge admonished him that the, uh, there was a possible prison sentence as a class three felony defendant confirmed that he understood this and pled guilty knowingly and voluntarily. He does not assert that otherwise. Um, you do not, if I may, you do not disagree that under as an attempt class three, the maximum sentence the legislature has authorized is a class, a misdemeanor sentence. That's correct. And the parties in the court together can't agree to, uh, a sentence beyond what's prescribed by the legislature, correct? Correct. Okay. Continue. Well, so defendant, um, entered into the plea and received probation. He then violated that, that, um, plea and his probation by committing several other felonies. Now he claims air. Um, it is the state's position that he has forfeited the review of that issue because he did not file. Um, he did not claim air in a post-trial motion and it is forfeited defendant. Of course, it's forfeited. How is it not second prong playing? Uh, defendant regarding second prong playing air is used. They're using it as a general clause. Now, while sentencing errors are reviewed under can be reviewed under second prong plane air, it doesn't mean they must be in this instance, the state it's the state's position that the defendant is using it as a general savings clause. Um, plane air is meant for serious injustices and the state does not feel that that is, this is a case of that plane air. So a five-year penitentiary sentence on a class a misdemeanor sentencing scheme is not a serious injustice. Where defendant violated his probation was subject to a penitentiary sentence in the first place. And then acquiesced to the proceedings by inviting the air. He agreed to this throughout. They admonished him over and over that he was pleading to a class three felony and that he faced the penitentiary sentence. It was only when he violated his end of the deal and violated his probation that he now claims air. He, there was no claim of air prior. So it's, it is the state's position that he invited that air by acquiescing to these proceedings. He didn't ask for a penitentiary sentence on resentencing. He asked for a another term of probation and jail, correct? Correct. So how does he make the error? Because he sat through with every proceeding where he was admonished over and over that he was pleading to a class three felony, which carried a sentence in DOC. Defendant agreed to that multiple times throughout. He never, and on his, in his, during, in his post-trial motions, it was never raised one time. So at this point it is the state's position that he invited that air and that the air should not be reviewed under second prong plain air, where this, where defendant just states that because it's a sentencing error, it should be reviewed under second prong. Under the Rathbone case, it should be, there should be more analysis as to why they, it should be reviewed under second prong in the first place. To state it outright with no, without analysis is not sufficient. It's the state's position that it should not be reviewed under second prong plain air. There's no analysis regarding that other than to just state it outright. Regarding the ineffective assistance of counsel, again, it's the state's position that defendant acquiesced to these proceedings and then now claims that counsel was ineffective. If defendant feels that he was given, he was misadvised by counsel, a more appropriate way to go about that would be a post-conviction petition, which defendant, I mean, I know the case law says that in circumstances where, you know, there's actual things outside the record that need to be brought up, but this isn't that type of a case, is it? I mean, we have a statute that says this is class state sentencing. What else is outside the record that would, we would inform us? Regarding his ineffective assistance of counsel, any claims that, that he misadvised him, what the situation was between the two, the state feels that it would be that, that would be appropriate for, for a post-conviction petition, because there's nothing in the record as to whether or not the trial, what was advised, what went on between the two parties when it came, when it comes to defendants ineffective assistance claims. So that is why the state feels that it would be better suited for a post-conviction petition. Defendant asks to reduce his sentence and it's the state's position that defend, that defendant's sentence should be affirmed. If we disagree with you and we believe, and let's just say we believe there's second pronged plain error or ineffective assistance, whether it was prejudice, either way, what does the state think we should do? Should we remand for resentencing? Should we exercise our, you know, discretion under 366 and credit time serve the defendant? What, what would the state reckon? If, if should this court decide against the state and I, I would, I would argue that it should probably be remanded for resentencing or in, in the alternative for it to be handled under 366. Well, we don't remand. Oh, okay. As an alternative. Okay. Okay. Very good. Okay. If there are no further questions, the state would just ask that this court affirm defendant's conviction and sentence. Any further questions from the court? No, thank you. She answered my questions with her comments. Thank you. Oh, thank you. Okay. Very good. Thank, thank you. Council. Council Wagman, you may reply. Thank you, justice. Holdridge very briefly. I'll, I'll start from the back and work my way up in terms of council's comments and note first that there is no claim being made by the defendant that he was misadvised. There is nothing that would need to be brought in from outside the record to decide this case. What defendant objects to is the fact that nobody seemed to notice that this was an unauthorized sentence, even though there was a reference to the statutory provision within the charging instrument. Would the court correctly admonish the defendant that, that this was a class three felony, but there was never a distinction made that because it was attempt, and that was a new charge brought by the state to make this accommodation because it was as a, a class, a misdemeanor, it remains a class three felony, but it can only be sentenced as a class, a misdemeanor. That's the bargain that was made. And that should be the bargain that remains. I would note that in Rathbone, the question was one of the court's discretion. It was about the weighing of the factors. It had nothing to do with the imposition of an unauthorized unlawful sentence. And I would note that the defendant, the state says that the defendant acquiesced to a sentence, but that sentence could only be a one-year sentence by operation of law. And unfortunately that wasn't stated out loud, but presumably it was known by the court. It was known by counsel. It was the only reason I can imagine that the state filed a second charging instrument and noted that the defense was an attempt, which means and signals clearly by law that it can face only a one-year sentence. Therefore, we're asking that the court reduce the sentence to one year or remand with directions to court if there are no further questions from this court. Other questions? No, thank you. Well, thank you, counsel, both for your arguments in this matter. It will be taken under advisement and a written disposition shall issue.